IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY KELLY                          *
            Plaintiff,
       v.                               *   CIVIL ACTION NO. AW-07-2756

STATE OF MARYLAND                      *
SHEILAH DAVENPORT, CEO
  CLIFTON T. PERKINS HOSPITAL          *
  CENTER
            Defendants.         *
                                ***

## MEMORANDUM

This 42 U.S.C. § 1983 civil rights action seeks compensatory and punitive damages, along with miscellaneous relief.  Paper No. 1.  Plaintiff, who is committed to the Clifton T. Perkins State Hospital Center ("Perkins"),[1] claims that on April 25, 2007, he asked Defendant Davenport when they were going to put a law library at Perkins and she indicated that no law library would be installed at the facility.  *Id.*   Plaintiff asserts that since his arrival at Perkins in 2003, Davenport has continuously refused to open a law library at Perkins.[2]  *Id.*

Plaintiff levels bald assertions of due process, equal protection, and federal constitutional tort violations and seemingly claims that due to the "special relationship" between himself and the State, there is an "affirmative duty" to provide him services.  He further raises a count of negligent infliction of emotional distress.  While Plaintiff's Motion to Proceed In Forma Pauperis shall be granted, this 42 U.S.C. § 1983 action shall be summarily dismissed without prejudice.

---

[1]      The criminal court dockets for the Circuit Court for Montgomery County reveals that in May of 2003, Plaintiff was charged murder, first and second degree burglary, robbery, use of a handgun in a crime of violence, and theft, *see State v. Kelly,* Criminal No. 94449C (Cir. Ct. for Montgomery County), and first degree rape and robbery.  *See State v. Kelly,* Criminal No. 97760C (Cir. Ct. for Montgomery County).  In both cases a competency hearing was held over the course of February, March, and April of 2004.  In June of 2004, Circuit Court Judge Durke Thompson found Plaintiff incompetent to stand trial.

[2]      In a previous action Plaintiff indicated that he was at one point receiving legal cases from the Perkins' "library"   *See Kelly v. State, et* al., Civil Action No. AW–07-2600 (D. Md.).

First, neither the State nor an arm of the State is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the Eleventh Amendment bars suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Therefore, Plaintiff's claims against the State of Maryland is subject to dismissal.

Further, Plaintiff's Complaint as presented fails to articulate a constitutional claim against Defendant Davenport. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe,* 449 U.S. 5, 9 (1980). However, the requirement of liberal construction does not mean that a court may ignore a claimant's failure to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dept. of Social Servs.,* 901 F.2d 387, 390-91 (4th Cir. 1990).

Due process and equal protection require that both convicted and pre-trial detainees have access to the courts to pursue direct criminal appeals, file habeas petitions, or to file civil rights actions "to vindicate 'basic constitutional rights.'" *Lewis v. Casey,* 518 U.S. 343, 354 (1996) (quoting *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974)). Plaintiff's confinement status is neither that of a criminal inmate nor a pretrial detainee. Nonetheless, Plaintiff has a right of access to the courts. As the Ninth Circuit held*,* "[t]he right of access helps ensure that the unlawfully detained obtain their freedom....and that the lawfully detained have recourse for violation of fundamental constitutional rights....These concerns are adequately addressed only if the right of access is guaranteed to people institutionalized in a state mental hospital regardless of whether they are civilly

committed after criminal proceedings or civilly committed on grounds of dangerousness." *Cornett v. Donovan,* 51 F.3d 894, 898 (9th Cir. 1995).

In *Bounds v. Smith,* 430 U.S. 817 (1978), the Supreme Court defined access to the courts for prisoners as "meaningful access." *Bounds,* 430 U.S. at 830. This was interpreted to require institutions to provide access to a law library or legal assistance in filing lawsuits. The *Casey* decision, however, indicated that "*Bounds* established no such right....The right that *Bounds* acknowledged was the (already well-established) right of *access to the courts." Casey,* 518 U.S. at 350.  The *Casey* decision distanced itself from the more expansive *Bounds* decision, finding that *Bounds* "appear[s] to suggest that the State must enable the prisoner to *discover* grievances, and to *litigate effectively* once in court....These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them." *Casey,* 518 U.S. at 354 (emphasis added).  The *Casey* court went on to say that *Bounds* "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355. The "touchstone," according to *Casey,* is that inmates be afforded "a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id.* at 356. Under *Casey*, access to courts is denied when circumstances adversely effect a confined person's ability to actively proceed with litigation.[3]

Plaintiff complains that Davenport has refused to install a law library at Perkins. Under *Casey*, access to courts is denied when circumstances adversely effect a confined person's ability

---

[3]     *Casey* does not require prison librarians or other staff to perform legal research.

to actively proceed with litigation.  *See Casey,* 518 U.S. at 354.  Plaintiff, who has been represented

by counsel in his periodic competency review hearings,[4] does not show how his alleged inability to

obtain legal research material caused him actual injury in his ability to litigate his cases.[5]  The Court

finds no due process or equal protection violation based upon the claims presented here.[6]

     For the aforementioned reasons, the court shall dismiss Plaintiff's § 1983 complaint without

prejudice.  A separate Order shall be entered in compliance with the opinion set out above.


Date: <u>October 29, 2007</u>                                     <u>        /s/        </u>

                                         Alexander Williams Jr.
                                         United States District Judge

---

[4]     Records show that Plaintiff was subject to a counseled hearing on the issue of his competency in 2004, was found incompetent to stand trial, and was committed to the Maryland Department of Health and Mental Hygiene ("DHMH").  *See Kelly v. State*, Civil Action No. AW-07-2036 (D. Md.) at Paper No. 5. He is housed at Perkins where he has been subject to periodic reporting and monitoring regarding his competence.  *Id*.  A hearing was held on January 17, 2007, to consider the report issued by the DHMH .  A state judge determined Plaintiff continued to meet the criteria for confinement under Md. Code Ann., Crim. Proc., §§ 3-104 to 3-108.  *Id*.  Another hearing is scheduled for January of 2008.  *Id*.

[5]     The undersigned observes that Plaintiff has filed several complaints and petitions in this Court which contain numerous statutory and case citations.

[6]     Insofar as Plaintiff raises tort claims, he may not use a civil rights forum to so do.  Moreover, due to the absence of diversity among the parties, a common law tort claim may not be heard in this federal court.  *See* 28 U.S.C. § 1332.